UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-cv-21723-JLK

ARNOLDO CANO, JUAN MENESES
GARCIA, DIERDERICH MAYABARA,
and all others similarly situated under 29
U.S.C. 216(B)

      Plaintiffs,

vs.

CEB CONSTRUCTION, INC., and
JAVIER BUSTOS

      Defendants.
_____/

## ORDER DENYING PARTIAL SUMMARY JUDGMENT, REQUIRING AMENDED ANSWER

THIS CAUSE comes before the Court on Plaintiffs' Motion for Partial Summary Judgment (DE #12), filed January 28, 2011.[1] Therein, Plaintiffs move for partial summary judgment on the basis of e-mail correspondence from Defendants' counsel, which states that Defendants "are not contesting FLSA jurisdiction." (DE #12).

On a review of its docket in this matter, the Court notes that Defendant CEB Construction filed its Answer (DE #6) on June 21, 2010.[2] In particular, Defendant CEB Construction's Answer, Defendant stated that "it regularly transacts business within Miami-Dade County and that it employed Plaintiffs, but denies that it is subject to the FLSA's overtime provisions." (DE #6 at 2). Similarly, Defendant "denies that it is an enterprise covered [by the FLSA] or that

---

[1] The Court notes that there was no record activity from the time the Court entered its Scheduling Order (DE #8) on June 22, 2010, until the Court issued its Notice of Impending Dismissal (DE #9) on January 19, 2011.
[2] Notwithstanding Plaintiff's contention to the contrary, there is no basis for his claim that Defendant Javier Bustos previously disputed the application of the FLSA. *See* (DE #5).

Plaintiffs are individuals covered under the FLSA's overtime provisions." (DE #6 at 3). The position taken by Defendant is therefore contrary to the position that Plaintiff now claims has been admitted.

However, the Court finds that Plaintiffs' Motion for Partial Summary Judgment must be denied. Plaintiffs here purport to seek summary judgment as to whether the FLSA covers the type of enterprise that Defendant CEB Construction operates. Such a determination is not suitable for summary judgment, but instead for a stipulation by the parties. Therefore, Plaintiffs Motion must be denied.

Nonetheless, the Court will require Defendant CEB Construction to amend its Answer to reflect its position on the application of the FLSA to its business. If the parties can agree to a stipulation regarding whether the FLSA covers Defendant CEB Construction's operations, the Court will consider it in due course.

Accordingly, upon due consideration, the Court **ORDERS, ADJUDGES,** and **DECREES** that:

1. Defendant CEB Construction shall **AMEND** its Answer **within ten days** of the date of this Order so as to assist this Court in bringing the above-numbered matter to issue.

2. Plaintiff's Partial Motion for Summary Judgment (DE #12) is **DENIED.**

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3d day of February, 2011.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

**Counsel for Plaintiffs**
**Jamie H. Zidell**
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: zabogado@aol.com

**Counsel for Defendants**
**Robert Stuart Turk**
Stearns Weaver Miller Weissler Alhadeff & Sitterson
Museum Tower
150 W Flagler Street
Suite 2200
Miami, FL 33130
305-789-3200
Fax: 789-3395
Email: rturk@stearnsweaver.com